Robert Henry Hoyle v. Commissioner.
Hoyle v. Commissioner
Docket No. 4575-69 SC.
United States Tax Court
T.C. Memo 1970-172; 1970 Tax Ct. Memo LEXIS 190; 29 T.C.M. (CCH) 760; T.C.M. (RIA) 70172; June 23, 1970, Filed Robert Henry Hoyle, pro se, P.O. Box 75, Michigan City, Ind. Frank E. Wrenick, for the respondent. the meaning of section 151(e), and, accordingly, IRWIN
Memorandum Findings of Fact and Opinion IRWIN, Judge: Respondent determined deficiencies in petitioner's income tax for the years 1966 and 1967 in the amounts of $388.06 and $508.85, respectively. The two issues presented are: (1) Whether respondent erred in disallowing the deductions taken by petitioner 761 under section 151(e) with respect to his children who resided in the United Kingdom during the two years in question; and (2) Whether respondent erred in disallowing petitioner a standard deduction in excess of $500 for each of the years in question. Findings of Fact Petitioner Robert Henry Hoyle (hereinafter Robert) was a resident of Michigan City, Ind., at the time the petition herein was filed. Petitioner timely filed separate tax returns for the years 1966 and 1967 with the district director of internal revenue, Indianapolis, *192 Ind. Petitioner was, during the years before us, a British subject. He arrived in the United States on June 4, 1966, and for the years in issue maintained a residence in Michigan City, Ind., where he was employed as an electrician by the Joy Manufacturing Company. During this time petitioner was married and was the father of three children. Petitioner's wife and children, all of whom resided in the United Kingdom during the years 1966 and 1967, were also British subjects. Petitioner's children were all younger than 19 for the period herein pertinent. On his tax returns for the years 1966 and 1967, respectively, petitioner treated each of his children as a dependent within the meaning of section 151(e), and, accordingly, reduced his adjusted gross income by $1,800 - the aggregate of these section 151(e) deductions. Petitioner also took standard deductions amounting to $600 in 1966 and $872.79 in 1967. In his notice of deficiency for each of these years, respondent disallowed the dependency deductions attributable to petitioner's children, and disallowed that portion of the standard deduction which exceeded $500. The letter of explanation (for the year 1966) which accompanied respondent's *193 notice of deficiency contained the following pertinent statements: Standard Deduction - Since your wife is a nonresident alien, you may not file a joint return; and the standard deduction is limited to $500. Although the rates for separate and single are identical, the tax must be computed as separate because, the standard deduction is limited to $500, and the wife's exemption is allowable. Taxpayer's wife and children are living in England, and taxpayer is sending support to them. However, under these conditions, he is allowed to claim his wife's exemption, but not his children as dependents. Opinion Issue 1: Dependency Deductions The first question before us is whether Robert's children, who were British subjects and residents of the United Kingdom, during each of the years before us, can be regarded as dependents for purposes of section 151(e). [1] In the absence of a treaty between the United States and the United Kingdom calling for a contrary result, we believe the answer to this question is clearly set out in section 152(b)(3) which provides in pertinent part: (3) The term "dependent" does not include any individual who is not a citizen of the United States unless *194 such individual is a resident of the United States, of a country contiguous to the United States, of the Canal Zone, or of the Republic of Panama. * * * Since petitioner's children were citizens of a country not enumerated in the above section, and since, to our knowledge, no direction to the contrary is required by any tax treaty between this country and the United Kingdom, petitioner's children could not qualify as dependents for purposes of section 151(e). Issue 2: Standard Deduction The present issue is concerned with the availability to petitioner of a standard deduction in excess of $500 *195 - the amount permitted by respondent for each of the years in issue. [2] Specifically, within the limits set by our discussion in footnote 2, supra, the 762 question before us is whether a married person, whose wife is a nonresident alien, is entitled to take a standard deduction in excess of $500. The answer to this question, is, we believe, governed by sections 141(a) and 6013(a)(1) of the Code. *196 Section 6013(a)(1) provides that a husband and wife may file a joint return of income except where either the husband or the wife is at any time during the taxable year a nonresident alien. Since petitioner's wife was a nonresident alien during each of the years in question, petitioner was precluded by section 6013(a)(1) from filing a joint return with his wife during either of these years. Accordingly, though a married person, petitioner was relegated to filing a separate return for each of those years and could not claim more than $500 as a standard deduction for either year since section 141(a) provides that "in the case of a separate return by a married individual the standard deduction shall not exceed $500." See Rev. Rul. 56-284, 1956-1 C.B. 89. This being the case, it is our determination that the immediate question must be resolved in favor of respondent. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. * * * (e) Additional Exemption for Dependents. - (1) In general. - An exemption of $600 for each dependent (as defined in section 152) - (A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, or (B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student.↩
2. It would appear that petitioner may be ineligible for any standard deduction during 1966 - the year in which he was a nonresident alien for part of the time. From respondent's standpoint, this result would seem to be indicated, not only by the position taken by respondent in Rev. Rul. 64-60, 1964-1 C.B. (Part 1) 84, but also by our decision in the case of Donald G. Baddock 27 TCM 289, T.C. Memo. 1968-55, in which we affirmed the position taken by respondent in Rev. Rul. 64-60↩ and held that, in order to qualify for the standard deduction, an alien must be a "resident alien" for the entire taxable year. However, since respondent, in his notice of deficiency in the year 1966, allowed petitioner a standard deduction, to the extent of $500; and, since the availability of this amount has not been questioned by respondent in his pleadings or at trial, we regard respondent's silence in connection with this matter as being equivalent to a concession on his part. Accordingly, our review of the immediate question will only be concerned with that portion of the standard deduction for the years 1966 and 1967 which has been disallowed by respondent in his notice of deficiency.